# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| STEERE ENTERPRISES, INC.<br><br>                      Plaintiff,<br>v.<br><br>CIKAUTXO MEXICO<br><br>                      Defendant. | CASE NO.<br><br>**VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**<br><br>**JURY DEMAND** |

Plaintiff Steere Enterprises, Inc. ("Steere"), by and through counsel, submits its Complaint against Defendant Cikautxo Mexico ("Cikautxo") and, in support, states as follows:

## NATURE OF THE ACTION

1. This is an action for breach of contract arising from Cikautxo's breach of an agreement between Steere and Cikautxo under which Cikautxo is obligated to supply Steere with products on a defined schedule at a defined price as set forth in detail below.

## THE PARTIES

2. Steere is an Ohio corporation with its principal place of business located at 285 Commerce Street, Tallmadge, Ohio, 44278.

3. Steere designs and manufactures component parts for customers in various industries.

4. Cikautxo is a Mexican entity with its principal place of business located in Leon, Guanajuato, Mexico.

5. Cikautxo manufactures component parts and sells them to customers like Steere in the United States and, more particularly, into Akron, Ohio.

1

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(2) because this action is a between a citizen of a state and a citizen of a foreign state, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7. Steere is a citizen of Ohio because it is an Ohio corporation, and its principal place of business is in Ohio.

8. Cikautxo is a citizen of Mexico because it is a Mexican entity with its principal place of business in Mexico.

9. This Court has personal jurisdiction over Cikautxo pursuant to a clause contained in the contract at issue in this litigation in which Cikautxo consented to personal jurisdiction in Ohio.

10. This Court is the proper venue pursuant to 28 U.S.C. § 1391 because the parties agreed to venue in the state or federal courts of Ohio pursuant to a forum selection clause contained in the contract at issue in this litigation. Cikautxo also sold its products into Akron, Ohio.

**FACTS**

11. On August 15, 2022, Steere issued Purchase Order 70494-ST (the "Order") to Cikautxo, ordering 200,000 hoses (No. 23420958/ANR83822) (the "Hoses") for delivery in approximately two-week intervals starting in January 2023 at a unit price of $8.73. A true and correct copy of the Order is attached as **Exhibit A**.

12. The Hoses are incorporated and assembled by Steere into a product Steere blow molds called the Charged Air Cooler – Cold Site (the "Charged Air Cooler").

13. Steere sells its molded and assembled Charged Air Cooler, which incorporates the Hoses, to General Motors for General Motors' manufacture of the Chevrolet Silverado pick-up

2

truck at General Motors' plants in Flint, Michigan and Oshawa, Canada. The Flint, Michigan plant alone employs over 700 employees.

14. The Charged Air Cooler sold by Steere to General Motors is specifically engineered and custom made to meet General Motors' industry-specific engineering specifications.

15. The Charged Air Cooler is supplied on a "just in time" basis, which is an automotive inventory control standard.

16. "Just in time" means that General Motors requires frequent shipments of Steere's Charged Air Cooler because it only has enough on hand to support less than a few days of production. This standard causes Steere – and General Motors by extension – to be entirely dependent on Cikautxo to honor its shipment obligations for the Hoses. The slightest shortfall or delay in Cikautxo's supply of the Hoses negatively impacts Steere's manufacturing operations and threatens its supply of the Charged Air Cooler to General Motors, which will shut down in a matter of days if Cikautxo continues to cease delivering the Hoses.

17. Such a shutdown would subject Steere to extensive penalties and the immediate loss of its reputation and good standing.

18. Steere is the only producer of Steere products (which incorporate the Hoses) that comply with General Motors' product specifications, and it cannot obtain an alternative Hose supplier soon enough to avoid supply interruptions.

19. Cikautxo understood that Steere used the Hoses in a product it sold to General Motors on a "just in time' basis and that the failure to timely provide them would cause plant shutdowns at Steere and General Motors.

20. The Order for the Hoses included, attached, and incorporated Steere's Standard Terms and Conditions of Purchase (the "Terms"), which include the following provision:

3

>   CONTRACT PRICE AND PAYMENT. The contract price or unit prices stated in the purchase order represent the fixed, full amount payable by Buyer under the Agreement.

A true and correct copy of the Terms is attached as **Exhibit B**.

21. Cikautxo accepted the Terms, including as recently as August 25, 2022, when Cikautxo acknowledged the Order and the Terms via email and again when it sent the first shipment of Hoses on January 23, 2023. A true and correct copy of the Confirmation Email is attached as **Exhibit C**.

22. On March 9, 2023, after sending only three shipments totaling approximately 24,000 Hoses, Cikautxo informed Steere that it was unilaterally suspending all shipments. A true and correct copy of the Suspension Email is attached as **Exhibit D**.

23. Cikautxo demanded that, to resume shipments, Steere must pay a higher price than what the parties negotiated and both Steere and Cikautxo had accepted just a few months earlier. More particularly, Cikautxo demanded that Steere essentially pay a surcharge for the Hoses Steere already received, which makes the price for the Hoses higher than the price set forth in the Order. For future shipments, Cikautxo continued, Steere must pay an increase of 12% over the unit price set forth in the Order. k

24. At the time Cikautxo suspended shipments on March 9, 2023, Steere had only approximately 7,700 Hoses remaining, which will last approximately two weeks.

25. Without resumed shipments, Steere's manufacturing of the Charged Air Cooler will have to shut down – and by extension General Motors' manufacture of the Chevy Silverado pick-up truck – on or around March 27, 2023.

26. Steere sought to resolve this with Cikautxo over the past two weeks, but instead has been held hostage by Cikautxo as it continues to refuse to ship any more Hoses to Steere unless Steere agrees to pay unilaterally imposed and unsubstantiated higher prices for the Hoses.

## COUNT I – BREACH OF CONTRACT

27. Steere incorporates by reference each paragraph set forth above.

28. The Terms and the Order constitute a valid, binding contract between Steere and Cikautxo.

29. The Terms are clear that the price set forth in the Order is the "fixed, full amount payable."

30. At all relevant times, Steere fully and satisfactorily performed all of its obligations according to the terms of the agreement.

31. Cikautxo's attempts to unilaterally change the price are a material breach of the Terms.

32. Should Cikautxo continue to breach the Terms, a direct and proximate result will be substantial, irreparable, and foreseeable harm to Steere, including, but not limited to, shutdown of its customer's operations and the resulting lost profit and damages to Steere's reputation, for which there is no adequate remedy at law.

## COUNT II – DECLARATORY RELIEF

33. Steere incorporates by reference each paragraph set forth above.

34. Cikautxo has stopped supplying Steere with the Hoses at the agreed-upon payment terms in the Order, even though Steere has not breached any of its obligations under the Contracts.

35. Steere is entitled to a declaration that it has not breached, and is not currently breaching, any provision of the Terms or the Order.

36. Steere is entitled to a declaration that Cikautxo is obligated to perform all of its obligations and commitments under the Terms and the Order, including the obligation to provide Steere with promised shipments of Hoses at the agreed-upon payment terms for the duration of the Order.

37. Steere is entitled to a declaration that any unilateral modification of the payment terms is unenforceable.

38. An actual controversy now exists between Steere and Cikautxo as to the proper interpretation of the Terms and the Order, and it is within the jurisdiction of this Court, under 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, to render a declaratory judgment as to the parties' respective rights.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Steere respectfully requests that the Court:

a. Enter judgment in favor of Steere and against Cikautxo;

b. Enjoin Cikautxo from violating the Terms and order Cikautxo to specifically perform its obligations;

c. Declare that Steere has performed all of its obligations under the Terms and the Order, that Cikautxo is obligated to perform all of its obligations under the Terms and the Order, including the obligation to provide the Hoses on the agreed-upon payment terms for the duration of the Order, and that that any attempt at modifying the Terms or the Order is unenforceable; and

d. Award any and all other relief that the Court deems just, reasonable, and proper.

## **JURY DEMAND**

Plaintiff Steere Enterprises, Inc. demands trial by jury, by the maximum number of jurors permitted by law, on all issues so triable.

Dated: <u>March 22, 2023</u>  Respectfully Submitted:

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**

<u>*/s/* H. Alan Rothenbuecher</u>
H. Alan Rothenbuecher (0041883)
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
Telephone: 216.363.4500
Facsimile: 216.363.4588
Email:  har@beneschlaw.com

*Counsel for Plaintiff Steere Enterprises, Inc.*

## VERIFICATION

I, Mark Stahl, am the Chief Operating Officer of Steere Enterprises, Inc., and, being duly sworn, I verify that the facts set forth in the foregoing Verified Complaint for Injunctive and Declaratory Relief are true and correct to the best of my knowledge, information, and belief.

_____
Mark Stahl

SWORN TO BEFORE ME and subscribed in my presence this 22nd day of March, 2023.

_____
NOTARY

KIMBERLEY L DONATO, Notary Public
In and for the State of Ohio
My Commission Expires May 11, 2024